UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR., | No. C 13-1092 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| HAYWARD POLICE DEPARTMENT; et al., | |
| Defendants. | |

## INTRODUCTION

Dennis Lamar James, an inmate in custody at the Santa Rita County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

James alleges the following in his complaint:

On March 23, 2011, James was arrested by members of the Hayward Police Department. Hayward police officers M. Miller and C. Clifford were dispatched to respond to a report of several persons with a gun. When they arrived, they encountered James and detained him. "There was no reasonable suspicion or probable cause or lawful basis" for the detention. Docket # 1 at 4. Officers Miller and Clifford used racial slurs against James during the detention. Officer Miller "fired his Taser at plaintiff then swung his baton at plaintiff," and injured him. *Id.* at 5. James sustained a concussion and needed six staples to close a wound to his head.

Officer Clifford also used his baton to injure James. James needed two staples to close the resulting head wound. At the time, James "was unarmed and helpless, and in no way posed a threat to defendants M. Miller and A. Clifford, or to the safety of any other person." *Id.*

Defendants Hayward Police Department, Hayward Police Chief Urban and the City of Hayward failed to train, supervise and discipline the police officers. These failures caused the unlawful detention and excessive force.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *see generally Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it)  Liberally construed, the complaint states a cognizable § 1983 claim against Hayward police officers M. Miller and A. Clifford for a Fourth Amendment violation based on their alleged detention or arrest of James without probable cause on March 23, 2011.

2

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Liberally construed, the complaint states a cognizable § 1983 claim against Hayward police officers M. Miller and A. Clifford for excessive force in violation of the Fourth Amendment based on their alleged uses of force on James on March 23, 2011.

The complaint also adequately alleges a claim against the Hayward Police Department, Hayward Chief of Police D. Urban, and the City of Hayward for a Fourth Amendment violation based on their alleged failure to train and supervise on the use of force and unlawful stops.

James has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 3.)

**CONCLUSION**

1.   The complaint states cognizable § 1983 claims against Hayward police officer M. Miller, Hayward police officer A. Clifford, Hayward police chief Diane Urban, the Hayward Police Department, and the City of Hayward for Fourth Amendment violations. All other claims and defendants are dismissed.

2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

- Hayward police officer M. Miller
- Hayward police officer A. Clifford
- Hayward police chief Diane Urban
- Hayward Police Department
- City of Hayward

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.    No later than **December 6, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, they must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, they must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 10, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 24, 2014**.

4.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

5

1 pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of
2 address in every pending case every time he is moved to a new facility.
3     8.    Plaintiff is cautioned that he must include the case name and case number for this
4 case on any document he submits to this court for consideration in this case.
5     9.    Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)
6     IT IS SO ORDERED.

Dated: September 23, 2013                       _____
                                             SUSAN ILLSTON
                                         United States District Judge