UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR., | No. C 13-1092 SI (pr) |
| Plaintiff, | **ORDER TO STAY PROCEEDINGS** |
| v. | |
| HAYWARD POLICE DEPARTMENT; et al., | |
| Defendants. | |

In this action, plaintiff contends that he was unlawfully arrested and subjected to excessive force by members of the Hayward Police Department on March 23, 2011. Defendants have moved for summary judgment. Plaintiff has requested an extension of time to file his response to the motion for summary judgment.

Plaintiff is currently at Napa State Hospital undergoing "psychiatric treatment" and "has no set date of release." Docket # 25. He was transferred from Santa Rita County Jail to Napa State Hospital pursuant to an order from the Alameda County Superior Court in or about late October 2013. *See* Docket # 14 and # 25. A state court hearing apparently pertaining to that hospitalization was scheduled for January 31, 2014, but was continued to August 1, 2014. *See* Docket # 25. Plaintiff expects to be released in August, although that is not a certainty. *See id.* Plaintiff states that he needs to do additional unspecified discovery to oppose the motion for summary judgment. Docket # 24. He also requests that an attorney be appointed for him. Docket # 25.

The circumstances of plaintiff's placement at Napa State Hospital support temporarily halting the activity in this action, as it would be preferable that the plaintiff's competence not be

in question during the course of these proceedings. The best course is to stay this action until plaintiff's release from Napa State Hospital, so that he can pursue his claims after being discharged from the hospital and after presumably being restored to competency. Mindful that the precise length of plaintiff's stay at Napa State Hospital is not within his control and is not certain, the court will hold a case management conference in four months if plaintiff remains at Napa State Hospital. This will enable the court to consider other options if plaintiff is going to be there on a long-term basis, so that the stay will not become a *de facto* dismissal. *See generally Davis v. Walker*, 745 F.3d 1303, 1306, 1311 (9th Cir. 2014). Also, plaintiff may by that time have more information about the nature and expected length of his hospitalization.

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Plaintiff's hospitalization presents an unusual circumstance. However, plaintiff had no problem articulating his claims in this action (including municipal liability) at a time when he presumably had the same mental illness he now has. He also has filed several prior actions in which he has ably represented himself. There also appears to be a low likelihood of success on the merits. Plaintiff's temporary placement at Napa State Hospital does not overcome these facts that weigh against appointing one of the very few attorneys willing to take on a pro bono prisoner civil rights case. Exceptional circumstances requiring the appointment of counsel are not present in this action.

For the foregoing reasons:

(1) This action is STAYED and the clerk shall administratively CLOSE the action. Nothing further will occur in this action until the stay is lifted or until the case management conference mentioned below occurs.

(2) A telephonic case management conference will be held at **4:15 p.m. on**

2

**December 11, 2014**. No later than **November 24, 2014**, plaintiff shall provide to the court and opposing counsel a telephone number at which he may be reached for that case management conference. Because this case management conference call will occur after a conference call in another one of plaintiff's cases, the clerk will initiate the conference call.

(3) Plaintiff must notify the court and defense counsel within **ten days** of his release from Napa State Hospital, regardless of whether that release is to county jail, state prison or elsewhere.

(4) Defendants' request to modify the briefing schedule to allow for a later date of the filing of their motion for summary judgment is GRANTED. (Docket # 15.) The motion filed on December 6, 2013 is deemed to have been timely filed. Plaintiff's request for an extension of the deadline to file his opposition to the motion for summary judgment is GRANTED. (Docket # 24.) The stay imposed by this order will postpone the deadline for his opposition to be file.

(5) Defendants' motion for summary judgment is DISMISSED without prejudice to defendants filing a new motion after the stay is lifted.[1] (Docket # 17.) The dismissal of the motion says nothing about its merits and instead is done for scheduling purposes. When the stay is lifted, the court will set a briefing schedule for dispositive motions.

(6) Plaintiff's request for counsel is DENIED. (Docket # 25.)

IT IS SO ORDERED.

Dated: July 1, 2014

_____
SUSAN ILLSTON
United States District Judge

---

[1] Defendants urge in their motion that there is only "a single excessive force claim." Docket # 18 at 2. The order of service plainly identified both an excessive force claim and an unlawful arrest claim. Defendants should address both claims in any renewed motion for summary judgment.

3