UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLAND POLICE DEPT.; et al.,<br><br>    Defendants.<br>_____/ | No. C 13-011 SI (pr) |
| DENNIS LAMAR JAMES, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>HAYWARD POLICE DEPARTMENT; et al.,<br><br>    Defendants.<br>_____/ | No. C 13-1092 SI<br><br>**ORDER APPOINTING COUNSEL FOR PLAINTIFF FOR A LIMITED SCOPE REPRESENTATION** |

On January 13, 2015, the court referred these matters to the Federal Pro Bono Project for counsel to be located for the limited purpose of representing plaintiff in connection with proceedings to determine whether to appoint a conservator/guardian *ad litem* to represent him pursuant to Federal Rule of Civil Procedure 17. A representative from the Federal Pro Bono Project has informed the court that attorneys James Hovard and James Ragon of Dechert LLP, located at Suite 1600, One Bush Street, San Francisco, CA 94104, are willing to be appointed to undertake this representation at the request of the Federal Pro Bono Project.

Accordingly, attorneys James Hovard and James Ragon of Dechert LLP are hereby appointed as counsel for plaintiff in connection with proceedings to determine whether

appoint a conservator/guardian *ad litem* to represent him pursuant to Federal Rule of Civil Procedure 17. The appointment will terminate with the conclusion of those proceedings unless (a) counsel is permitted to withdraw or substitute out before the conclusion of those proceedings or (b) counsel requests appointment for further proceedings. Counsel shall be familiar with General Order No. 25 and the Federal Pro Bono Project Guidelines posted on the Court's website.

The court will hold a case management conference at **3:00 p.m. on April 10, 2015**. In light of the appointment of counsel for him and plaintiff's custodial status, plaintiff need not attend the case management conference. The parties shall file any case management statements no later than **one week** before the case management conference. The problem of an incompetent litigant is an unusual one, and the case management conference will be a good starting point to determine whether and what further proceedings are necessary to deal with plaintiff's potential inability to prosecute these cases *pro se*. The court requests that counsel for plaintiff make inquiries and report in its case management conference statement answers to the following questions: (1) does plaintiff currently have a conservator or any other legal representative authorized to act for him? (2) what is the scope of the conservator's or legal representative's power to act with regard to litigation matters? (3) what is the name of the conservator or legal representative? and (4) if no conservator or legal representative exists yet, is plaintiff agreeable to having a conservator or legal representative appointed to make all decisions in these two pending cases? Defendants also may present their views on the need for the appointment of a conservator or guardian *ad litem* for plaintiff.

IT IS SO ORDERED.

Dated: February 18, 2015

_____
SUSAN ILLSTON
United States District Judge