United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES,<br><br>       Plaintiff,<br><br>    v.<br><br>HAYWARD POLICE DEPARTMENT, et al.,<br><br>       Defendants. | Case No. 13-cv-01092-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 74 |

Before the Court are the parties' individual statements regarding a discovery dispute. Dkt. Nos. 74, 75. While it appears the parties have been able to resolve many of their disputes, they cannot agree as to "whether Defendant [Officer Miller] is required to produce the remainder of his personnel file and other documents related to his work performance," including: (1) recruitment records; (2) Officer Miller's application to join the Hayward Police Department ("HPD"); and (3) records of other HPD investigations into Officer Miller's conduct, "including investigations into other allegations of excessive force, records of discipline, complaints filed against officer Miller, commendations in his favor, performance evaluations, records reflecting a psychological evaluation and psychological fitness determination, as well as all records of arrests officer Miller has made during his tenure with the Department." Pl.'s Individual Statement (Dkt. No. 74) at 1:20-27. Defendant has produced records related to the incident involving plaintiff and certain training records. Pl.'s Ex. 6 (Dkt. No. 74-6) at 3.

Plaintiff contends that these documents are relevant to Officer Miller's credibility. *Id.* at 2:3-5. "[P]laintiff believes that recruiting documents and psychological records, in particular, and the other responsive documents in general, are relevant to reveal bias and may explain *how* the Defendant acted or *why* the Defendant acted differently than a reasonable officer in this

1    instance . . . ." *Id.* at 2:15-18.  Defendant argues that the records are private and not relevant.

2        Rule 26(b) defines the scope of discovery under the Federal Rules of Civil Procedure.

3    Rule 26(b)(1) provides, in part:

4

5            Parties may obtain discovery regarding any nonprivileged matter that is
             relevant to any party's claim or defense and proportional to the needs of

6            the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
             the parties' resources, the importance of the discovery in resolving the

7            issues, and whether the burden or expense of the proposed discovery
             outweighs its likely benefit. . . .

8

9    Fed. R. Civ. P. 26(b)(1).  The relevance standard is extremely broad, especially in civil rights

10   excessive force cases.  *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

11   Relevant information "need not be admissible in evidence to be discoverable."  Fed. R. Civ.

12   P. 26(b)(1).  However, "[o]n motion or on its own, the court must limit the frequency or extent of

13   discovery" under the Federal Rules if it determines that, *inter alia*, "the proposed discovery is

14   outside the scope permitted by Rule 26(b)(1)."  *Id.* 26(b)(2)(C).

15       The only remaining claim in this lawsuit is an excessive force claim against Officer Miller.

16   *See* Dkt. No. 55.  The case will turn on whether Officer Miller's use of force was objectively

17   reasonable under the circumstances.  *See Graham v. Connor*, 490 U.S. 386, 395-96 (1989).

18   "[C]onsidering the importance of the issues at stake, . . . the importance of discovery in resolving

19   the issues, . . . the burden or expense of the proposed discovery . . . [and] its likely benefit," even

20   under a broad relevancy standard, plaintiff has not demonstrated a need for Officer Miller's

21   recruiting documents, HPD application, psychological records, or records of arrests.  *See* Fed. R.

22   Civ. P. 26(b)(1).  However, records of other excessive force investigations, disciplinary records,

23   complaints, performance evaluations, and commendations are relevant at least with regard to

24   Officer Miller's credibility or to show a pattern of conduct.  *See Soto*, 162 F.R.D. at 614-15.

25       While federal courts recognize a right of privacy respecting confidential law enforcement

26   records, *see Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987), "the privacy interests

27   police officers have in their records do not outweigh a plaintiff's interests in civil rights cases."

28   *Doe v. Gill*, No. 11-4759 CW LB, 2012 WL 1038655, at *4 (N.D. Cal. Mar. 27, 2012) (citations

United States District Court
Northern District of California

2

omitted); *see also Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005) (citations omitted) ("In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable.").   Officers' personal privacy "may be sufficiently protected with the use of a 'tightly drawn' protective order . . . ."[1] *Gill*, 2012 WL 1038655, at *4. The Court finds that plaintiff's interest in the above-described records outweighs Officer Miller's privacy interest in those records.

Officer Miller is hereby ordered provide his records of other excessive force investigations, disciplinary records, complaints, performance evaluations, and commendations.  Defendant may limit his production to a period of two years after the incident involving plaintiff.  Defendant need not produce his recruiting documents, HPD application, psychological records, or records of arrests.

This order resolves Dkt. No. 74.

**IT IS SO ORDERED**.

Dated:  February 27, 2017

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

---

[1] The parties have entered into a stipulated protective order in this case.  *See* Dkt. No. 73.

3